296 P.2d 1031

**In re Liability of OKAY SHOPPING CENTER, Inc., of Pocatello for Unemployment Compensation Excise Taxes.**

No. 8376.

Supreme Court of Idaho.

April 27, 1956.

Rehearing Denied May 24, 1956.

Graydon W. Smith, Atty. Gen., John W. Gunn, Asst. Atty. Gen. for respondent.

Jones, Pomeroy & Jones, Pocatello, for appellant.

ANDERSON, Justice.

This is a proceeding brought to determine the amount of tax payable by appellant Okay Shopping Center, Inc., of Pocatello, Idaho, to the Idaho Employment Security Agency. The facts have been stipulated by the parties, and only a question of law is presented by this appeal.

February 1, 1948, the C. H. D. Co. was incorporated. It operated two stores in Pocatello, one in Blackfoot and one in Idaho Falls. On June 28, 1949, the company changed its name to Okay, Inc. This corporation operated for a period of time, and its experience was such, that it

qualified for a reduced Employment Security tax rate of 1.5 per cent for the calendar year 1954.

During either July or August, 1954—the record being conflicting—a corporation known as Okay Shopping Center, Inc., of Pocatello, Idaho, was incorporated under the laws of the State of Idaho. This new corporation on August 17, 1954, took over and continued to operate one of the Pocatello stores as a reorganized "split-off" from Okay, Inc., and the old corporation continued to operate the remaining store in Pocatello and one in Blackfoot. The record is silent as to what happened to the one in Idaho Falls.

The stockholders and directors of the new corporation were the same as in the old, and held the same pro-rata shares, and there was a full transfer of all the assets and incidents by the old to the new corporation. The business was continued at the same location, with the same management and employees.

Before August 17, 1954, the employees of the stores of employer Okay, Inc., were reported to the Employment Security Agency through the combined accounts of the stores in said company, although each store was operated as a separate entity. Okay, Inc., enjoyed the experience rating of 1.5 per cent. After the transfer of one store to Okay Shopping Center, Inc., of Pocatello, the agency raised the rating of the new corporation to 2.7 per cent, and gave it a new identifying number, and left the old corporation with its former number and the reduced rate of 1.5 per cent.

A hearing was held before the appeals examiner, who ruled that the rate set by the Agency was correct. Appellant appealed to the Industrial Accident Board. The Board affirmed the ruling. The issue is whether Okay Shopping Center, Inc., of Pocatello is entitled to succeed to the experience rating record of Okay, Inc.

Appellant relies upon the case law as set forth in Appeal of MacKenzie Auto Equipment Co., 71 Idaho 362, 232 P.2d 130. In that case, the employer operated two automobile equipment stores in two cities, for many years, and was awarded a favorable experience rating for the purpose of Unemployment Compensation tax. One store was later incorporated without change in management, supervision, operation, location, or personnel, and employees' conditions underwent no change; but the Unemployment Security Fund allotted the corporation a new employer number account, and raised the rating from 1.5 per cent to the maximum, 2.7 per cent. This Court held that the corporation was entitled to the favorable rating formerly held by the individual employer, although the individual kept the other store and later incorporated it. The Court held that each store was entitled to the favorable experience rating of 1.5 per cent.

Respondent contends that the experience rating cannot be split, that it remains with the old corporation, and that the new cor-

poration cannot take a partial transfer of the experience rating received, especially since the 1953 amendment to I.C. § 72–1351(d). Several of the cases cited by respondent were also cited in the Mac-Kenzie case, but this Court took the opposite view after fully considering the matter.

The facts in this case appear to be on all fours with the facts in Appeal of Mac-Kenzie Auto Equipment Co., 71 Idaho 362, 232 P.2d 130, and the only question involved is whether or not the amendment to I.C. § 72–1351(d), which among other things provides that

"If on or after March 31, 1953, the organization, trade or business, including the entire employing enterprise and all its incidents for all purposes of the unemployment compensation law, of any covered employer is by purchase or otherwise transferred to an employer, whether or not such acquiring employer was an employer within the meaning of section 72–1320, as amended, prior to such acquisition, the employer to which the transfer is made may assume the position of such employer with respect to such employer's experience, payrolls and otherwise the same as if there had been no change in ownership and shall be required to assume and continue the experience of such employer pursuant to the provisions of this section * * *."

supports the MacKenzie case, or changes the case law announced therein by statutory enactment.

The statute provides for the transfer of an experience rating under one set of circumstances: i. e., where there is a sale, or a transfer by other means, of an entire employing enterprise. It does not abrogate the holding in the MacKenzie case that the rating will be transferred to a new corporation when in fact there is no change in ownership of the business, except one of form.

As this Court pointed out in the Mac-Kenzie case, the lower rating is a reward for experience and able management. The merit rating should not be based upon some technical form, even though the corporation is in law a new owner. The continuity of merit rating does not depend on the formal corporate entity, but upon the substantial continuity of the type of business, personnel, management and experience formerly established.

The order of the Industrial Accident Board is reversed and the cause remanded with instructions to accord the experience rating of 1.5 per cent to appellant, until or unless changed by other factors not involved here.

Costs to appellant.

TAYLOR, C. J., KEETON and SMITH, JJ., and BAKER, District Judge, concur.